(13 Misc. Rep. 130.)

### MILLER v. LAWRENCE et al.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

LANDLORD AND TENANT—LIABILITY OF LANDLORD TO THIRD PERSON.

In an action to charge defendant with the value of services rendered on premises in possession of defendant's lessee, the lease is admissible to show the relation of defendant to the premises, and to the work done by plaintiff.

Appeal from Second district court.

Action by James L. Miller against Isaac A. Lawrence and Edward Wilson to recover for work, labor, and services. A judgment was rendered in favor of plaintiff, and defendant Lawrence appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Bowers & Sands, for appellant.

Alexander Finelite, for respondent.

BOOKSTAVER, J. The action was brought to recover for work, labor, and services in removing ashes and garbage from the Sherman Square Hotel by one John Wenzer, who afterwards assigned

his claim to the plaintiff. The defendant Wilson did not appear, and the defendant Lawrence answered by a general denial. It is not contended that Wilson and Lawrence were copartners, or in any wise interested in a joint enterprise. The defendant Lawrence was the owner of the Sherman Square Hotel. Elijah N. Wilson, sued as Edward N. Wilson, was the proprietor of that hotel under a lease, and it was he, and not Lawrence, who employed Wenzer, as testified to by the latter. Hence the only way in which the defendant Lawrence could have been liable for the debt owing to Wenzer was either because Wilson was his agent, or because he had hired Wenzer himself, or in some way guarantied Wenzer's debt. But there is an entire failure of proof on both of these questions. It is true that plaintiff's counsel, in some of his leading questions put to Wenzer, coupled the defendant Lawrence with Wilson in such a way as to enable the witness to testify that they both had promised to pay him for his work, when in reality only Wilson, the lessee, had made such a promise. The son of the defendant Lawrence was called on behalf of the defendant, and distinctly testified that he, as agent of his father, had not employed Wenzer, or promised to pay him; and it further appeared from the evidence that the defendant Lawrence was not known to the assignor of the claim until long after the work had been done. To show conclusively the relation of the defendant Lawrence to the premises and the work done by Wenzer, the lease of the premises to Wilson was offered in evidence, but excluded. This, we think, was error. It raised no question of title to the Sherman House, but, if admitted, would have shown conclusively that Wilson was in possession of the property, and alone answerable for work that he had engaged Wenzer to do. The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.